HARVEY SISKIND LLP
D. Peter Harvey (SBN 55712)
pharvey@harveysiskind.com
Seth I. Appel (SBN 233421)
sappel@harveysiskind.com
4 Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Defendants
RED HAT, INC. and RED HAT MIDDLEWARE, LLC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRESTAR SOFTWARE, INC., | Case No. C 07-80204 MISC MMC (EMC) |
| Plaintiff, | **OPPOSITION TO THOUGHT, INC.'S MOTION TO QUASH THIRD PARTY SUBPOENA, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |
| v. | |
| RED HAT, INC., et al., | |
| Defendants. | |

COMES NOW Red Hat, Inc. and Red Hat Middleware, LLC (collectively, "Red Hat") in response to Non-Party Thought, Inc.'s ("Thought") Motion to Quash Third Party Subpoena, or in the Alternative for a Protective Order ("Motion"). The Court should deny the Motion because Thought has failed to state a basis for quashing the subpoena under Rule 45.

Red Hat has been accused of patent infringement in a case pending in the United States District Court for the Eastern District of Texas. Red Hat is defending, in part, based on arguments that the patent-in-suit, filed in 1998, is invalid as anticipated and/or obvious in light of the prior art. Thought marketed one potential prior art product, a software program named CocoBase, at least as early as 1997. Red Hat subpoenaed Thought seeking information relating to CocoBase. Thought does not deny that it marketed CocoBase or that it has in its possession the documents and electronic information Red Hat is seeking through its subpoena, consisting primarily of versions of the CocoBase program that Thought provided to actual and potential customers, as well as documents concerning the operation and functionality of CocoBase.

Instead, Thought makes a number of arguments for why this Court should excuse it from having to search for and produce such documents. All of these arguments are without merit, however, since (1) Red Hat has agreed to give Thought a reasonable amount of time to comply with the subpoena; (2) any purportedly confidential information (from 1998 or earlier) that Thought produces can be protected by submitting the information in accordance with Eastern District of Texas Local Patent Rule 2-2 and the protective order that the parties to the litigation are negotiating; and (3) Red Hat has agreed to reimburse Thought for the reasonable costs associated with gathering and producing such documents, including actual time spent retrieving electronic files from legacy computer systems at reasonable rates. Thus, Thought's motion should be denied, and it should be ordered to comply with the subpoena at issue.

## BACKGROUND

Plaintiff FireStar Software, Inc. ("FireStar") filed a complaint in the United States District Court for the Eastern District of Texas on June 26, 2006, alleging that Red Hat infringed United

1  States Patent No. 6,101,502.  FireStar has since filed amended complaints on October 19, 2006,
2  November 8, 2006, and June 8, 2007.  Red Hat made its first appearance when it filed an Answer to
3  FireStar's Second Amended Complaint on December 8, 2006.  [Pierce Decl., ¶2]

4  Although full discovery has not yet begun in this litigation, the Court issued a *sua sponte*
5  Order on May 23, 2007, which granted both parties the ability to seek discovery relevant to their
6  contentions.  [Pierce Decl., ¶3 and Ex. A]  In support of its Invalidity Contentions, Red Hat served
7  discovery on FireStar seeking information relating to the purported invention at issue as well as prior
8  art.  Red Hat also served numerous third party document subpoenas seeking information relating to
9  prior art computer software and other materials, including the one that it served on Thought.  [Pierce
10 Decl., ¶4 and Ex. B]

11 On July 13, 2007, counsel for Red Hat corresponded via telephone with Thought's Chief
12 Financial Officer, Greg Baker, and subsequently provided Mr. Baker with a courtesy copy of the
13 Exhibit A to the subpoena that it planned to serve.  [Pierce Decl., ¶5 and Ex. C]

14 Hearing nothing from Thought, Red Hat served the subpoena on August 6, 2007.  [Pierce
15 Decl., ¶6]

16 Mr. Baker then contacted counsel for Red Hat and arranged for a teleconference on August
17 10, 2007, with Thought's outside counsel.  During the conversation, Mr. Baker and counsel for
18 Thought stated that the documents that Red Hat was seeking were available only in electronic form
19 on Thought's legacy systems.  Red Hat's understanding based on the telephone conversation is that
20 the CocoBase documentation of interest was provided to customers during the relevant period via
21 download from Thought's website as part of a single file that included the documents, a copy of the
22 program, and some examples of how the program functioned.  Red Hat understood from the
23 conversation that these files resided only on legacy servers at this time and that there were no
24 documents available except from these legacy servers.  Red Hat understood based on this assertion
25 by Thought that it would take additional time and money to recover such files.  Thought promised

- 2 -
28 OPPOSITION TO MOTION TO QUASH THIRD PARTY SUBPOENA    CASE NO. C 07-80204 MISC MMC (EMC)
OR FOR A PROTECTIVE ORDER

1  after the August 10 call that it would contact Red Hat to provide estimates as to how long it would
2  take and how much it would likely cost to recover the documents. [Pierce Decl., ¶7]

3  After business hours on Wednesday, August 15, Thought sent counsel for Red Hat a long and
4  detailed e-mail demanding an advance payment "of $35,000 [$21,000 (engineering) + $7,000 (legal)
5  + $7,000 (mgmt)]." [Motion to Quash, Ex. 1.] Before Red Hat had the opportunity to respond to
6  Thought's demands, Thought filed this Motion to Quash. Subsequently, Red Hat has repeatedly
7  sought in good faith to meet and confer with Thought and to resolve this dispute. However, Thought
8  has refused all such efforts, demanding $10,000 as a condition to any meet and confer following the
9  first two efforts and failing to respond altogether to the third. [Pierce Decl., ¶8 and Ex. D]

## ARGUMENT

Rule 45 provides four possible bases for Thought's Motion to Quash. First, Rule 45(c)(3) states that a court "shall quash or modify the subpoena if it . . . fails to allow reasonable time for compliance." Second, a court "shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies." Third, a court "shall quash or modify the subpoena if it . . . subjects a person to undue burden." Finally, a "court may . . . quash or modify the subpoena" if it "requires disclosure of a trade secret or other confidential research, development, or commercial information," but "if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions."

### A. Red Hat Has Allowed Sufficient Time to Comply With the Subpoena.

Although the subpoena itself allowed sufficient time for Thought to respond, counsel for Red Hat agreed both verbally during the initial conference on August 10 and confirmed in writing in later correspondence that Thought could have additional time to produce documents beyond the 14 days permitted under the subpoena. Red Hat has served dozens of third-party document subpoenas in this

- 3 -
OPPOSITION TO MOTION TO QUASH THIRD PARTY SUBPOENA   CASE NO. C 07-80204 MISC MMC (EMC)
OR FOR A PROTECTIVE ORDER

litigation. Red Hat has freely granted additional time to respond to any party requesting such time including Thought, so this issue provides no basis to quash Red Hat's subpoena. [Pierce Decl., ¶9]

### B. The Subpoena Seeks Neither Privileged Information Nor Confidential Information Without Providing Adequate Protection.

Red Hat's subpoena seeks no privileged information from Thought. And regarding the potential disclosure of trade secret or otherwise sensitive information (to the extent any exists among software-related materials that are ten years old), Red Hat has explained to Thought how to preserve any confidentiality of its documents under the Eastern District of Texas' Patent Rule 2-2, (identical to this Court's own Patent Rule 2-2), which allows the designation of materials as outside counsel's eyes only even in the absence of a protective order. [Pierce Decl., ¶10] Since the documents Red Hat seeks are primarily 10+ year-old software and other related documents that were previously publicly available via download from Thought's website, Patent Rule 2-2 is sufficient to protect the confidentiality of such documents.

### C. There Is No Undue Burden to Thought.

Thought states that the information Red Hat is seeking is irrelevant and that it would, therefore, be an undue burden for it to have to produce such information. Thought's arguments for why the information sought is irrelevant reflects a fundamental misunderstanding by Thought regarding the concept of prior art. Although what an expert in the field might be able to discern from Thought's publicly available patent could be useful in litigation, that expert opinion could not constitute prior art. The publicly available CocoBase documents, however, would constitute prior art. Those documents are in the possession of Thought, and, therefore, must be produced.

### D. Red Hat Is Willing to Provide Reasonable Compensation to Thought.

Finally, Red Hat has agreed to reimburse Thought for the reasonable costs related to the recovery and production of the responsive documents. [Pierce Decl., ¶11] The only question at this point is what constitutes reasonable costs. Thought stated in its August 15 e-mail that Red Hat should be required to pay $35,000 in advance just for Thought to conduct a search for the documents. That amount included legal fees and management fees. Red Hat believes that this request is

- 4 -
OPPOSITION TO MOTION TO QUASH THIRD PARTY SUBPOENA    CASE NO. C 07-80204 MISC MMC (EMC)
OR FOR A PROTECTIVE ORDER

unreasonable and has sought a meet and confer with Thought on several occasions to discuss what would be reasonable compensation. Unfortunately, Thought is unwilling to meet with Red Hat absent a $10,000 payment, which Thought justifies on the grounds of filing this motion. [*See* Pierce Decl., Ex. D]

As has previously been expressed to Thought, Red Hat is willing either (1) to pay the actual rates for the actual hours spent by Thought personnel to retrieve electronic files from Thought's legacy computer systems, up to a maximum of $4,000.00 without advance consent from Red Hat, or (2) to hire a third-party computer forensics expert to retrieve the data from Thought's systems. Red Hat thus has made more than fair offers of compensation to minimize any expense or trouble to Thought. Thought, however, has chosen to respond by voluntarily incurring legal fees to draft lengthy correspondence and to file an unnecessary Motion to Quash. Thought's tactics should not be condoned, and Thought should be required to comply with the subpoena that Red Hat served upon it in exchange for a reasonable amount of compensation for Thought's efforts to retrieve the responsive information. [Pierce Decl., ¶11]

## CONCLUSION

For the foregoing reasons, Red Hat respectfully requests that Thought's Motion to Quash be denied and that Thought be required to comply fully with Red Hat's subpoena.

Dated: September 12, 2007            Respectfully submitted,

HARVEY SISKIND LLP


By: _____/s/_____
              Seth I. Appel

Attorneys for Defendants
RED HAT, INC. and RED HAT MIDDLEWARE, LLC.

- 5 -
OPPOSITION TO MOTION TO QUASH THIRD PARTY SUBPOENA   CASE NO. C 07-80204 MISC MMC (EMC)
OR FOR A PROTECTIVE ORDER