**EXHIBIT B
TO DECLARATION OF JON R. PIERCE IN SUPPORT OF
OPPOSITION TO THOUGHT, INC.'S
MOTION TO QUASH THIRD PARTY SUBPOENA,
OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

**FIRESTAR SOFTWARE INC. v. RED HAT, INC., et al.
CASE NO. C 07-80204 MISC MMC (EMC)**

## Issued by the
## UNITED STATES DISTRICT COURT

_____Northern_____ District of _____California_____

FIRESTAR SOFTWARE, INC.

v.

RED HAT, INC.

TO: **Thought, Inc.**
*By and Through its Registered Agent:*
Ward Mullins
5 Third Street, Suite 815
San Francisco, CA 94103

**SUBPOENA IN A CIVIL CASE**

Case Number: 2:06-cv-258 (TJW)
pending in the U.S. Dist. Ct. for the
Eastern District of Texas, Marshall
Division, Judge Ward

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **As listed on Exhibit A hereto.**

| PLACE: | DATE AND TIME: |
|---|---|
| 5 Third Street, Suite 815, San Francisco, CA 94103 (or such other reasonable location as the parties may agree) | August 21, 2007, 9:00 a.m. PDT (or such other reasonable time as the parties may agree) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (indicate if Attorney for Plaintiff or Defendant) Attorney for Defendant Red Hat, Inc. /s/ | DATE August 6, 2007 |
|---|---|

Issuing Officer Name, Address and Phone Number
Allen F. Gardner
Potter Minton, A Professional Corporation
110 North College, 500 Plaza Tower
Tyler, Texas 75702
(903) 597-8311
allengardner@potterminton.com

{A55\7664\0001\W0332752.1 }

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on                                SIGNATURE OF SERVER

                                           ADDRESS OF SERVER

{A55\7664\0001\W0332752.1 }

Rule 45, Federal Rules of Civil Procedure, Parts C & D

c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place roe than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### Definitions

1. "Document" as used herein includes "things" and "electronic data" and shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure.

2. "Concerning" shall mean concerning, referring to, describing, evidencing, supporting, or constituting.

3. "Any" means any and all, and "all" likewise means any and all, unless the context requires otherwise.

### Document Requests

1. Any document dated on or before September 25, 1998 concerning U.S. Patent No. 5,857,197.

2. Any document dated on or before September 25, 1998 concerning any version of CocoBase including without limitation publications, sales brochures, flyers, catalog sheets, advertisements, mailers, technical papers, promotional literature, product specification sheets, and user manuals.

3. Any document concerning any product, program, object, or process that causes, facilitates, assists, allows, or constitutes any type of interaction between an object-oriented software application and a database that is dated, existed, or occurred (or may have existed or occurred) on or before September 25, 1998.

4. Any document dated on or before September 25, 1998, concerning Ward Mullins and related to any product, program, object, or process that causes, facilitates, assists, allows, or constitutes any type of interaction between an object-oriented software application and a database.

5. Any document dated on or before September 25, 1998, concerning

    (a) ObjectSpark

    (b) Ontos*Integrator

    (c) Ontos Virtual Information Architecture (VIA)

    (d) Ontos Object Integration Server (OIS).

6. Any document dated on or before September 25, 1998, concerning Ontos, Inc. including but not limited to any document concerning communications with any of the following:

    (a) Max Arai,

    (b) Jon E. Coleman,

    (c) Winslow R. Cuthbert,

    (d) Robert P. Donald,

    (e) Joshua Duhl,

    (f) Mark Eisner,

    (g) Mark Fourman,

    (h) Larry Friedman,

    (i) Craig S. Harris,

    (j) Keith Hillyard,

    (k) Robert A. Huebner,

    (l) Kathy Icenogle,

    (m) Antoun J. Kanawati,

    (n) Gerard Keating,

    (o) Leo Laferriere,

    (p) Craig R. Leckband,

(q)  Joe Leslie,

(r)  Kenneth Lord,

(s)  Paul A. Martel,

(t)  Gabriel Oancea,

(u)  Jayant G. Pandit,

(v)  John Petrie, or

(w)  Sandra A. Wade.

{A55\7664\0001\W0332752.1 }