JOHN JASON GENTRY MULLINS (State Bar No. 236,485)
5 Third Street, Suite 815
San Francisco, CA 94103
Tel: (415) 350-4405
Fax: (415) 358-8581

Attorney for:
Thought, Inc. – Third Party Non-Litigant

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRESTAR | ) **MOTION TO COMPEL ANSWERS TO REQUEST**<br>) **FOR STIPULATIONS AND INFO SERVED BY**<br>) **THOUGHT INC.'S RE MOTION TO QUASH THIRD** |
| SOFTWARE, INC | ) **PARTY SUBPOENA, OR IN THE ALTERNATIVE** |
| | ) **FOR A PROTECTIVE ORDER;** |
| Plaintiff, | ) **[PROPOSED ORDER]** |
| | ) |
| v. | ) |
| | ) **[CASE NO. C 07-80204 MISC MMC (EMC)** |
| | ) |
| RED HAT, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## REQUEST FOR ORDER TO REQUIRE REDHAT TO ANSWER STIPULATION TO FACTS AND INFORMATION FROM REDHAT ATTORNEYS AS UNAVAILABLE WITNESSES

Here comes Thought further to a request for a continuation of the hearing date in

the above matter, which has been mutually agreed upon by the parties to be continued

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

until October 17, 2007 at 2:30 p.m. to permit more time for a true meet and confer and to

permit more time for certain actions of the parties to occur (filed under separate cover).

In a conversation between RedHat's local representative Mr. Harvey and the

undersigned on today's date, Mr. Harvey stated a willingness to have a real meet and

confer on the issues and concerns of both parties and asked for a telephonic conference

tomorrow that would include a conversation between a Thought IT person and a RedHat

IT person regarding the costs of more limited production. Unfortunately, the Thought IT

person will not be available and the hearing for the motion is imminent. Moreover, it also

seems unlikely that Jon Pierce and Steve Moore will have time to provide answers to the

stipulations and requests for information that Thought filed upon them this past Friday,

September 28, 2007, hence the parties have agreed upon a continuance.

Therefore, to focus the meet and confer during the continuance Thought wishes to

negotiate between the parties the following issues and to obtain the following information

to expedite the negotiations:

1)      Time for Thought to obtain clear and direct answers under oath to the Items

1-12 in the stipulation of facts and requests for information that were served upon RedHat

by Thought on September 28, 2007.

2)      Negotiate and narrow the subpoena to only having Thought look for and

produce for RedHat the documents that were offered as a courtesy to RedHat in the

August 10, 2007 conference and in the August 15, 2007 email (any software releases and

documentation that were provided to the public as confidential and copyrighted

documents during the period prior to August 25, 1998 as set forth in the RedHat

DECLARATION OF GREG BAKER IN SUPPORT OF THOUGHT'S      CASE NO. C 07-080204 MISC MMC (EMC)
MOTION TO QUASH OR FOR A PROTECTIVE ORDER

Case C 07-MC 80204 –MMC                                    Page 3 of 8

Subpoena) providing an adequate set of protective restrictions and use as set forth in the

August 15, 2007 email can be obtained (see below).

  3)    Negotiate between IT professionals at Thought and an IT professional on

RedHat's team a process and cost restrictive way to product items set forth in (2), such as

to set up a budget cap amount and to either stop the entire process without recourse when

the budget is reached based upon $375 per hour for the Thought professional's time, or to

negotiate at that time to agree upon a mutually acceptable way to proceed in a cost

effective manner, in order that the legal concerns of both sides can be met while the

production is proceeding. Mr. Harvey agrees to place a copy of the Ward Affidavit

(served upon RedHat on September 28, 2007) in the hands of the RedHat IT

professionals at once so they may understand the issues that are faced, and whether the

information is even prior art.

  4)    Negotiate and execute a protective order or other equivalent weighted

supplemental protective agreement between just the two parties that includes at least the

following essential elements: (i) does not permit the RedHat principles to have access to

such software or study notes from its analysis, while specifically prohibiting any RedHat

principle or other RedHat professional reviewing such information for an understanding

of the Thought technology, (ii) initially only permits the use of any Thought software and

documentation for an ORM expert to better understand the Thought patent (if there is a

showing of the expert then for an actual need to further use the information at a later

point, then Thought agrees to negotiate in good faith to provide specific permission for

that further use to be mutually agreed upon in writing by the parties, which permission

will not be unreasonably withheld providing that an adequate protective and secrecy

order is in place), (iii) does not permit any reverse engineering of the Thought software or

object code produced by it, (iv) requires an independent third party (no RedHat personnel

or person who has ever been a code contributor or consultant to the Hibernate project) to

do the software evaluation and to only share the results with legal team that is defending

RedHat for purposes of the defense of RedHat that should only occur under an adequate

protective and secrecy order,  and (v) agreeing to destroy or return to Thought any items

provided and any notes or copies relating to such items upon completion of the trial.

     5)    Negotiate and obtain settlement regarding Thought's expenses to date in

dealing with this matter, after the above referenced stipulations and requests for

information (Items 1-12) are provided to Thought by RedHat.

     As previously mentioned by Thought representatives, the items referred to above

for production purposes, can be looked for and provided to RedHat (if they are available)

as a mere courtesy to RedHat, since they are considered either duplicative or cumulative

over the Thought patent. Thought notes that the mere fact that the Thought patent or

software release implementations might have occurred prior to August 25, 1998 does not

mean that they are prior art against the Firestar Patent and necessary for RedHat's

defense. Instead they may be prior publications of mere curiosity, albeit of high

importance to Thought as proprietary intellectual property.

     As proffered by Thought previously, for RedHat to make a showing of necessity

for their Subpoena to obtain legacy and proprietary information (rather than to obtain a

professional courtesy from Thought) they would have needed to provide some

compelling evidence under U.S. Patent laws that a feature in the Firestar patent claims

Case  C 07-MC 80204 –MMC                                    Page 5 of 8

1
2
(Ontos Patent) is reasonably shown, taught or suggested (or is likely to be reasonably

3
shown) by the Thought patent or its progeny implementations of patented concepts to do

4
substantially the same thing in substantially the same manner. It is not enough that they

5
are in similar fields of endeavor, as judicial notice is taken that in the field of "traveling

6
from New York City to San Francisco" there are literally thousands of unrelated ways to

7
get from there to here. To date, RedHat has not even provided any factual information

8
9
that the Thought patent has been reviewed sufficiently to believe that the progeny

10
software implementations requested might even be relevant such as to justify a subpoena

11
of proprietary and legacy information from Thought. Thus, RedHat has failed to meet

12
their initial burden under the Subpoena of showing any necessity of Thought proprietary

13
information for RedHat's reasonable defense.

14
        Even in view of the above, Thought would like to be cooperative and helpful to

15
16
the Court in this matter. So, Thought request more time for a meet and confer to settle

17
such issues, by agreeing to a continuance.

18
        Since the RedHat North Carolina attorneys Jon Pierce and Steve Moore are

19
unlikely to be available in California as witnesses on the date of the hearing of the

20
Thought Motion to Quash, (even if this matter is continued) since they have relegated

21
their representation to a local California attorney by the name of D. Peter Harvey, see the

22
23
attached Draft Order from the Court compelling them to answer Items 1-12 within 10

24
days of the service of such request upon them, i.e., by October 6, 2007. Unless, this Court

25
requires them to stipulate to certain facts and information in writing, they will have

26
managed to dodge directly answering Thought's questions and concerns and would have

27
failed to directly answered certain critical questions and ascertain certain important facts

28

DECLARATION OF GREG BAKER IN SUPPORT OF THOUGHT'S    CASE NO. C 07-080204 MISC MMC (EMC)
MOTION TO QUASH OR FOR A PROTECTIVE ORDER

of extreme relevance to the Thought position that filing the Motion to Quash was a direct

and proximate result of the RedHat attorneys' (a) failure to respond to any of Thought's

email or fax communications during the period from August 10, 2007 through the filing

of the Motion to Quash on August 21, 2007, (b) failure to set up any meet and confer

communications to resolve the issues raised in the several communications from Thought

prior to August 21, 2007, and (c) failing to extend the LEGAL deadline for responding to

the Subpoena August 21, 2007 to permit adequate time to confer and attempt to come to

an agreement between the parties regarding the Thought issues and concerns respecting

the Subpoena.

　　　　Thus, Thought respectfully requests that Judge grant the appended Draft Order

requiring RedHat attorneys to stipulate to certain facts and information regarding prior

communications between the parties and upon several certain significant points that will

need to be discussed in such a meet and confer or that will be issues to be addressed at

the hearing within 10 days of their service. Upon obtaining complete answers to such

stipulations, Thought.agrees in good faith to resolve all outstanding issues by conducting

a recorded telephonic meet and confer in a concerted attempt to settle all outstanding

issues between the parties.


　　　　DATED: October 1, 2007      Thought, Inc.


　　　　John Jason Gentry Mullins

　　　　Attorney to Non-Party Thought Inc.

Case  C 07-MC 80204 –MMC                                            Page 8 of 8

1
2
3          For good cause shown, Thought's request that RedHat Attorneys Jon Pierce and

4    Steve Moore ARE HEREBY FURTHER ORDERED to answer ITEMS 1-12 of nonparty

5    Thought, Inc.'s Request For Stipulation And Info as served on September 28, 2007 prior

6    to October 6, 2007 is Granted.

7
8
9
10    _____

11                          Judge, United States District Court

12                          San Francisco, Division

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
     DECLARATION OF GREG BAKER IN SUPPORT OF THOUGHT'S     CASE NO. C 07-080204 MISC MMC (EMC)
     MOTION TO QUASH OR FOR A PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

[CASE NO. C 07-80204 MISC MMC (EMC)]
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Third nonparty Thought, Inc. hereby certifies by and through its attorney John

Jason Gentry Mullins that a true and correct copy of foregoing THOUGHT INC.'S

MOTION TO COMPEL ANSWERS TO REQUEST FOR STIPULATIONS AND INFO

RE MOTION TO QUASH THIRD PARTY SUBPOENA, AND REVISED

PROTECTIVE ORDER: [PROPOSED ORDER] was served by at least one of US mail,

fax or email to:

| | |
|---|---|
| Allen F Gardner<br>Potter Minton,<br>A Professional Corporation<br>110 North College,<br>600 Plaza Tower<br>Tyler, TX 75702 | Steve Moore, Attorney and Partner, and Jon Pierce, Attorney<br>Kilpatrick Stockton LLP<br>1001 West Fourth Street, Winston-Salem,<br>NC 27101-2400<br>Phone: (336) 607-7503<br>Fax: (336) 734-2638 |
| HARVEY SISKIND LLP<br>D. Peter Harvey (SBN 55712)<br>4 Embarcadero Center, 39th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 354-6100<br>Fax (415) 391-7124 | |

DATED: September 28, 2007.

JOHN JASON GENTRY MULLINS (State Bar No. 236,485)
Attorney for Non-Party Thought, Inc.
5 Third Street, Suite 815
San Francisco, CA 94103
Tel: (415) 350-4405
Fax: (415) 358-8581