HARVEY SISKIND LLP
D. Peter Harvey (SBN 55712)
pharvey@harveysiskind.com
Seth I. Appel (SBN 233421)
sappel@harveysiskind.com
4 Embarcadero Center, 39th Floor
San Francisco, California  94111
Telephone:  (415) 354-0100
Facsimile:   (415) 391-7124

Attorneys for Defendants
RED HAT, INC. and
RED HAT MIDDLEWARE, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRESTAR SOFTWARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RED HAT, INC., et al.,<br><br>Defendants. | Case No. C 07-80204  MISC MMC (EMC)<br><br>**STATEMENT RE STATUS OF DISPUTE** |

Red Hat, Inc. and Red Hat Middleware, LLC ("Red Hat") provide the following Statement in response to the Court's request.

On August 6, 2007, Red Hat served Thought, Inc. ("Thought") with a subpoena seeking certain materials that are relevant to a litigation pending in the United States District Court for the Eastern District of Texas.  On August 21, 2007, Thought filed a Motion to Quash Third Party Subpoena, or in the Alternative for a Protective Order (the "Motion").

1    For the past seven months, the parties have tried to resolve this dispute amicably and without the need for judicial intervention. To that end, the parties' attorneys have had numerous telephone conferences and exchanged countless emails. In addition, the parties have stipulated to several continuances of the hearing on Thought's Motion.

    The thrust of Thought's position is that the materials sought are irrelevant to the Texas litigation. Red Hat disagrees, and has sought an opportunity to review the materials to determine for itself the relevance or lack thereof.

    In December 2007, the parties agreed that Thought would produce certain materials (the "Cocobase Files") for the review of Red Hat's outside counsel only, so that Red Hat's attorneys could decide whether they would use those documents in the Texas litigation. The Cocobase Files would be designated "Outside Counsel Restricted" pursuant to the protective order in place in the Texas litigation. Red Hat's counsel agreed to destroy the Cocobase Files after completing their review.

    This arrangement is memorialized by a letter signed by counsel for both parties and filed with the Court on December 17, 2007.

    Thought produced the Cocobase Files in late December 2007. Although Red Hat's counsel have conducted a preliminary review of the materials to confirm their relevance, they cannot complete their review until after the Eastern District of Texas issues its claim construction order. Since the production is deemed sufficient to satisfy the subpoena requests, however, Red Hat has decided to withdraw its subpoena.

    On March 13, Red Hat's counsel contacted Thought's counsel to suggest that the parties file a single document with the Court in which Red Hat withdraws its subpoena, Thought withdraws its Motion, and the parties stipulate to taking the March 19 hearing on Thought's Motion off calendar. The Motion, it appears, is moot upon Red Hat's withdrawal of the subpoena.

    Red Hat's counsel reiterated that it would not show the Cocobase Files, or disclose their contents, to anyone, and would use them only for internal review, per the December 2007 agreement. Furthermore, Red Hat's counsel reiterated that it would destroy the Cocobase Files upon the completion of review. While the December 2007 agreement did not impose a time limit on Red Hat's counsel's review, Red Hat's counsel expressly agreed that it would destroy the Cocobase Files upon

- 2 -

STATEMENT RE STATUS OF DISPUTE    CASE NO. C 07-80204 MISC MMC (EMC)

completion of the review "or within 30 days following the claim construction order, whichever occurs first."

Nonetheless, Thought has refused to withdraw its Motion.

Red Hat still intends to withdraw its subpoena today.

## **CONCLUSION**

Thought's Motion is moot in light of Red Hat's withdrawal of its subpoena. Red Hat maintains (and it has repeatedly explained to Thought over the past five days) that Thought is wasting the Court's time, as all of Thought's concerns have been addressed through agreement of the parties.

Dated: March 18, 2008         Respectfully submitted,

HARVEY SISKIND LLP

By: _____/s/_____
         Seth I. Appel

Attorneys for Defendants
RED HAT, INC. and RED HAT MIDDLEWARE, LLC

# PROOF OF SERVICE

The undersigned declares: I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 4 Embarcadero Center, 39th Floor, San Francisco, CA 94111.

On the date stated below, I served the following documents:

- **STATEMENT RE STATUS OF DISPUTE**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

| | |
|---|---|
| John Jason Gentry Mullins, Esq.<br>5 Third Street, Suite 815<br>San Francisco, CA 94103<br>Counsel for Thought, Inc. | Allen F. Gardner, Esq.<br>Michael E. Jones, Esq.<br>Potter Minton, A Professional Corporation<br>P.O. Box 359<br>Tyler, TX 75710<br>Counsel for Red Hat, Inc.<br>and Red Hat Middleware LLC |
| Melvin R. Wilcox, III<br>Smead, Anderson & Dunn<br>2110 Horseshoe Lane<br>P.O. Box 2243<br>Longview, TX 75606<br>Counsel for FireStar Software, Inc. | William H. Boice, Esq.<br>Kilpatrick Stockton LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4530<br>Counsel for Red Hat, Inc.<br>and Red Hat Middleware LLC |
| Brian J. McNamera, Esq.<br>Foley & Lardner<br>3000 K Street NW, Suite 500<br>Washington, DC 20007<br>Counsel for FireStar Software, Inc. | Steven Gardner, Esq.<br>Steven D. Moore, Esq.<br>John C. Alemanni, Esq.<br>Jon R. Pierce, Esq.<br>Kilpatrick Stockton LLP<br>1001 West 4th Street<br>Winston-Salem, NC 27104<br>Counsel for Red Hat, Inc.<br>and Red Hat Middleware LLC |

__X__  **MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am readily familiar with the business practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

_____  **FEDERAL EXPRESS – OVERNIGHT DELIVERY:** I caused such envelope to be deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the addressee designated.

| | | |
|---|---|---|
|1| ___ |**HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.|
|2| | |
|3| ___ |**VIA FAX:** The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.|
|4| | |
|5| | |
|6| X |**(FEDERAL):** I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.|
|7| | |
|8| ___ |**(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.|

Executed on March 18, 2008 at San Francisco, California.

_____
Cynthia Lee